# Heller *versus* Hufsmith.

1. One tenant in common of a chattel cannot maintain trover against his co-tenant for the mere detention of the article.

2. A musical organization provided by its articles of agreement that all instruments should be considered the property of said band; that any member voluntarily leaving said band would forfeit his interest therein ; that, however, a member could sell said interest to any person acceptable to his fellow-members; that if any person is compelled to leave said band either by sickness or removal to a distance, the association would purchase his interest at a fair valuation. A., having subscribed his assent to said articles of association and having in his possession certain personal chattels belonging thereto, moved to a different county, and as no sum

was given or tendered him for his interest·in the effects of the association, took with him the said personal chattels.  In an action of trover by the other members against him :

*Held*, that trover would not lie, as the parties litigant were tenants in common.

March 7th 1883.  Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett, Green and Clark, JJ.

Error to the Court of Common Pleas of *Monroe county :* Of January Term 1883, No. 114.

Trover, by O. M. Heller et al., members of an association called " The Hamilton Cornet Band," against Samuel Hufsmith, to recover damages for the alleged conversion of certain property of the association.  The action was originally brought before a justice of the peace, who gave judgment for the plaintiffs, whence it was removed into the Court of Common Pleas by appeal.

On the trial, before Dreher, P. J., the following facts appeared :

In 1874 the plaintiffs and defendants associated themselves into an organization called " The Hamilton Cornet Band." They drew up and signed articles of association, of which the material provisions were as follows :

The 7th article provided, that " all instruments shall at all times be considered as the property of said band, and no member shall either sell or trade away the instrument given in his charge, and all members to take good care of the instrument, and should any member, by negligence or in any other way, either lose or impair the instrument in his charge, said member shall be held responsible."

The 8th article declared, " that any member voluntarily leaving this band forfeits his interest, claims, &c., of any kind whatever to the said band ; *Provided*, however, said member may sell his interest to some suitable person.  *Provided*, further, said person is accepted by a majority of the members of said Hamilton Cornet Band."

The 9th article provided, " that any person compelled to leave said band, either by sickness or removal to a distance, said band agrees to purchase his interest at a fair valuation. *Provided*, however, he may sell the same as provided in article 8th."

As a member of the band, Hufsmith received a uniform and equipments of the value of twenty dollars.  In 1880, he removed to Luzerne county, and as the association did not pay nor offer to pay him anything for his interest, he took with him the said chattels.

The court charged the jury, inter alia, that the members under these articles of association became the joint owners or

[Heller *v.* Hufsmith.]

tenants in common of the instruments and other goods ; that a tenant in common of goods cannot sue his co-tenant, if the goods remain in the possession of the latter, although he refuses to permit the former to participate in the use of the goods ; that the defendant, being such joint owner, was rightfully in possession, though sick or removed to a distance; that if, however, the defendant left the band because of his removal to a distant place, then he did not forfeit his interest ; he still remained a joint owner in common with the other members of all the instruments and other property of the association, and had a right to the possession of the instrument he had been playing on and the other property in his possession ; that if he left because of removal to a distant place as provided for in the 9th article, then the fact that he took the horn and other property with him would not of itself be proof of conversion nor warrant the jury to infer conversion. If he removed the property and still holds it, recognizing the joint ownership, then there has been no conversion ; that without a conversion there could be no recovery in this case.

Verdict and judgment for the defendant. The plaintiffs thereupon took this writ of error, assigning for error the above instructions of the court.

*Lewis D. Vail* (with him *C. Burnett* and *T. M. McIlhaney*), for the plaintiffs in error.

*John B. Storm*, for the defendant in error.

The opinion of the court was filed March 19th 1883.

PER CURIAM. One tenant in common of a chattel cannot maintain trover against his co-tenant for the mere detention of the article. The reason for this rule is that the possession of one is in law the possession of both.

The defendant was in the lawful possession of this property. It was committed to him under and in pursuance of the articles of association. Those articles authorized him to sell his interest in the property, provided the sale was made to some suitable person. They further declared that when by his removal it became necessary for him to leave the band, the association should purchase his interest in the instruments in his possession. He did remove so as to render it impracticable for him to perform his duties as a member. The association did not purchase, nor offer to purchase, his interest in the property. His mere retention was not a conversion of the articles, nor any forfeiture of his right of possession thereto.

Judgment affirmed.