# Browning et al. *versus* Cover.

1. Joint owners of a chattel have each an equal right to the possession of it, and neither when in possession can be ousted by the other. The vendee of a joint owner takes only his vendor's interest and holds in the same way. Neither can object to a sale by the other of his interest, nor are the rights of one joint owner impaired if the other assumes to sell the whole.

2. If one joint owner of a chattel sells it as his exclusive property, the other may elect to ratify the sale or to continue to hold his interest in the chattel. If he chooses to ratify the sale he may sue the vendor in assumpsit for his share of the price paid.

3. A and B were joint owners of a portable saw mill. On November 21st, 1872, A sold the mill as his own to C, who had notice from B that he claimed one half interest in the mill, and objected to the sale. C continued in exclusive possession of the mill until October 18th, 1877, when he sold it to D. Upon March 10th, 1879, B sued C for one half of the purchase money received from D.

    *Held,* that B's right as against C was that of a co-owner, and that consequently the Statute of Limitations did not begin to run from the sale to C, and bar his right of action.

February 4th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Fayette County:* Of January Term, 1885, No. 208.

Assumpsit, by John Cover against Frank T. Browning and Goldsboro M. Serpell, to recover one half the amount received by defendants as the price of a certain portable saw mill sold by defendants as their own property, and in which plaintiff claimed a one half interest. Pleas: The general issue and the Statute of Limitations.

At the trial, before INGHRAM, P. J., the following facts appeared: John Cover (the defendant in error), Isaac Hurst, I. W. Rutter, and one Sellers formed a partnership in 1871, and bought the saw mill which formed the subject of the controversy in the present case. Soon afterwards Sellers and Hurst sold their interests to George W. Cover, and in the year following Rutter sold his interest to John Cover, who soon after sold one half interest to Jacob Rist. On October

12th, 1872, Rist's interest in the saw mill and fixtures was sold at sheriff's sale to John Cover. The mill thus became the joint property of John Cover and George W. Cover. The latter had possession of the mill at the time, and retained possession until November 21st, 1872, when he sold the mill to Browning and Serpell, the defendants, for $2,000. There was at this time a judgment obtained against John Cover, Isaac Hurst, George W. Cover and Isaac W. Rutter, trading as John Cover & Co., for $188.75, on which execution had issued against the mill. Browning and Serpell paid this judgment as part of the consideration, and the balance in cash to George W. Cover. When the sale was about to be made, John Cover, learning of the intention of the parties to it, objected, claiming an interest in the mill himself. George W. Cover insisted on his right to sell the mill on the ground that he had paid debts of the firm amounting to more than its value; and on the same day consummated the sale and received the purchase money as stated. Browning and Serpell were given possession of the mill and continued to use it as their own until October 18th, 1877, when they sold it to one Wilmarth for $1,100. The defendants requested the Court to charge:—

1. That upon all the evidence in the case the plaintiff is not entitled to recover. Refused. (First assignment of error.)

2. That if the jury find from the testimony that Browning and Serpell bought and took possession of the mill in November, 1872, and claimed and used it as their own until they sold it in 1877, then the plaintiff is not entitled to recover, as this action was barred by the Statute of Limitations when it was brought in 1879. Refused. (Second assignment of error.)

3. If the jury find from the evidence that Jacob Rist's interest in the saw mill was that of a partner when it was sold by the sheriff, then the plaintiff is not entitled to recover. Refused. (Third assignment of error.)

The Court, in reviewing the testimony, charged, *inter alia*: [It is claimed on the part of the plaintiff that when the defendants bought of George Cover, they bought but the half interest, and that his interest remained in the mill as it had always done, and that therefore when they sold the whole mill they sold his interest and must account to him for his interest, and we instruct you that that is true in this case.] If they sold the interest of the plaintiff and received the price of that interest, they should account to him now for what they received for it with its interest down to the present time, and that is correct. On the part of the defendants it is not denied that they bought the mill from George Cover, but they claim they bought the whole mill and paid him the full value of the mill, and all that they agreed to pay him. [If you

find from the evidence that the plaintiff had a half interest in that mill, and that the defendants sold it and received the money for it, then the plaintiff would be entitled to recover the one half of whatever they sold it for, with its interest down to the present time from the date of the sale.] If· you are not satisfied that he had a half interest, or any . interest, or are satisfied that he acquiesced in the sale made by his brother, then he would not be entitled to recover as against these defendants. But if you are satisfied that he had a half interest in that mill and they sold it, and he has not received the money for it, then he is entitled to recover the one half of the amount it sold for, with its interest from the sale down to the present time.

Verdict for the plaintiff for $783.75 and judgment thereon. Whereupon the defendants took this writ assigning for error the refusal of their points submitted to the Court, and those portions of the general charge enclosed in brackets, the latter being the fourth and fifth assignments of error respectively.

*A. D. Boyd* (with whom was *R. ·P. Kennedy*), for the plaintiffs in error.—Rist's interest in the saw mill was that of a partner. A seizure of his interest on an execution worked a dissolution of the firm: Snodgrass's Appeal, 1 Harris, 476; and it was the duty of George W. Cover as liquidating partner to make immediate sale of the partnership property: Holden *v.* McMakin, 1 Parsons, 298; Clark *v.* Wilson, 7 Harris, 414; Baker's Appeal, 9 Harris, 76. This duty he ˙performed by selling the mill to Browning and Serpell. The plaintiff below knew of the sale, and that his title to the mill was denied, but did not bring suit until March 10th, 1879, over six years after his right of action, if any, accrued. It is therefore barred by the Statute of Limitations. Nor can it be argued that Browning and Serpell were trustees, and therefore unable to invoke the statute as against their cestui que trust, as the statute runs as soon as the trustee holds adversely to his cestui que trust: Johnston *v.* Humphreys, 14 S. & R., 394.

*Edward Campbell*, for the defendant in error.

MR. JUSTICE TRUNKEY delivered the opinion of the Court March 30th, 1885.

Hurst, Rutter, Sellers and John Cover purchased the portable saw mill in 1871, and engaged in the manufacture of lumber. Within the same year Sellers and Hurst sold their interests to George W. Cover, and early in 1872 Rutter sold his interest to John Cover, who, soon after, sold one half interest in the mill to Jacob Rist. On October-12th, 1872, Rist's in-

terest in the mill and fixtures was sold at sheriff's sale to John Cover. There is no evidence that after said purchase at sheriff's sale John Cover and George W. Cover did business as partners; nor is there evidence that any debts existed against the firm of Cover & Rist, or 'that there were any partnership matters to adjust between the members of that firm. Browning and Serpell on November 21st, 1872, bought the mill, with other personal property, from George W. Cover. Browning and John Cover both testify that at the making of that purchase, Browning had notice of John Cover's claim of one half interest, and that said John objected to the sale. Upon the undisputed facts, with the facts the jury were warranted in finding, the plaintiff was entitled to recover, and the defendants' first point was rightly refused.

Nor was it error to refuse the defendants' third point. The evidence was sufficient to justify a finding that George W. Cover and Rist were partners, but not that they owned the mill as partnership property. There seems to have been numerous short-lived partnerships engaged in the sawing of lumber with this mill, and all along the parties treated the mill as if owned by them as tenants in common. In no instance was it taken into the account or settlement of any of the successive partnerships.

The portion of the charge set out in the fourth assignment, with its context is not erroneous. The words, "we instruct you that that is true in this case," evidently related to the proposition that the defendants, having sold the whole mill, must account to the plaintiff for his interest, not that it was true that the defendants bought of George W. Cover only one half interest. What each party claimed was fully stated by the Court, followed by this instruction: "If you find from the evidence that the plaintiff had a half interest in that mill and that the defendants sold it and received the money for it, then the plaintiff would be entitled to recover the one half of whatever they sold it for, with its interest down to the present time from the date of sale. If you are not satisfied that he had a half interest, or any interest, or satisfied that he acquiesced in the sale made by his brother, then he would not be entitled to recover as against these defendants." That submission was explicit and free of error.

The remaining assignment is to the refusal of the Court to charge, that if the defendants bought and took possession of the mill in November, 1872, and claimed and used it as their own until they sold it in 1877, the plaintiff's action, brought in 1879, is barred by the Statute of Limitations. Where parties are joint owners of a chattel the right of each to the possession is equal; and if one sell the chattel the sale passes to the

[Browning et al. *v.* Cover.]

vendee, the individual interest only of the vendor: Given *v.* Kelly, 85 Pa. St., 309. Each joint owner has an interest in the whole, and each has a right of possession. One cannot sell the entirety; the vendee must take the seller's interest, and hold the chattel as the seller did: Trout *v.* Kennedy, 47 Id., 387. The possession of one co-tenant is the possession of all, and he who has the present possession cannot be ousted. Nor can one co-tenant object to the mere sale by the other of his interest in the common property and delivery of the chattel to the purchaser. A sale of the whole by one co-tenant does not impair the legal rights of the other: Weld *v.* Oliver, 21 Pick., 559. In that case it was decided that if personal property held in common be sold by one of the tenants as exclusively his own, such sale is a conversion, and the co-tenant may maintain trover therefor against him; or in case the purchaser shall sell and deliver the property as his own, the co-tenant may maintain trover against such purchaser for the subsequent conversion. Although in this state, upon like facts, trover may not lie, assumpsit will. As the sale by one co-tenant of the entire chattel does not pass the title of the other, unless he ratifies it, the latter may continue a co-tenant with the purchaser. The purchaser has no election—the co-tenant whose title was not divested by the sale may elect either to ratify the sale or to hold his interest in the chattel. Then if said purchaser should destroy the chattel, or sell it as exclusively his own, for the destruction he would be liable to his co-tenant in trespass or trover, and for the sale, if ratified by his co-tenant, he would be liable in assumpsit.

The mere fact that the defendants bought the mill, took possession and used it as their own gave the plaintiff no right of action against them, for the possession of one tenant in common is the possession of all. The plaintiff was not bound to elect to pursue George W. Cover. He had no right of action against the defendants until they sold the property as exclusively their own. Their second point was properly refused.

Judgment affirmed.