## Laughner et al. *v.* Wally, Appellant.

*Tenants in common—Operation of oil well—Removal of material by one of associates—Actions—Assumpsit—Parties—Partnership —Trial on merits—Waiver of defects.*

1. Where three tenants in common operate an oil well, but not as partners, and one of them removes material from an abandoned well, under circumstances showing that he was a purchaser, assumpsit may be maintained against him for the value of such material.

2. If his name is joined as a party plaintiff with his two associates in the action against himself, the insertion, even if a misjoinder, is waived by the parties going to trial upon the merits.

*Appeals—Assignments of error—Charge—Reduction of charge to writing—General exceptions.*

3. Where no request has been made in the court below that the charge be reduced to writing and filed of record, assignments of error relating to the charge cannot be considered on appeal.

4. Where nothing but a general exception has been taken to a charge, only basic and fundamental errors can be considered.

Argued October 13, 1920. Appeal, No. 105, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., April T., 1918, No. 151, on verdict for plaintiffs, in case of Elmer E. Laughner, P. L. Wally and Guiliano Lordo, doing business as Laughner, Wally & Co., v. P. L. Wally. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for value of material removed from oil well. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $2,440.05. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant; (3) refusal of defendant's motion for judgment n. o. v. (4-6) portions of charge, quoting them, and (7) the charge as a whole, quoting it.

*William A. Wilson,* of *Calvert, Thompson & Wilson,* for appellant.—The plaintiff association is a partnership. A partnership cannot maintain assumpsit against one of the copartners for a partnership transaction: Leidy v. Messinger, 71 Pa. 177.

If plaintiffs be considered as tenants in common, still assumpsit will not lie: Enterprise Oil & Gas Co. v. Transit Co., 172 Pa. 421.

*W. T. Treadway,* for appellees.

OPINION BY MR. JUSTICE WALLING, December 31, 1920:

This is an action of assumpsit by an association against one of its members to recover the value of property taken by him. In 1914 Elmer E. Laughner and P. L. Wally jointly purchased an oil lease on a seven-acre tract of land, known as the Barr farm at Walker's Mills, Allegheny County. Wally sold a part of his interest to Guiliano Lordo and the three acted under the name of Laughner, Wally & Co. They drilled well No. 1, which was a success and later No. 2, which was a failure. Laughner was treasurer of the association; all moneys were paid to him and they divided the net earnings. Both Laughner and Wally had separate oil properties and by their method of business when either took any machinery or other property of the association he paid its full value to the treasurer. In the spring of 1917 they abandoned well No. 2 and removed the casing therefrom. At that time the defendant needed such casing

to use in a nearby well of his own, and took it and some other property, after a talk with Laughner as to the price. This suit was brought in the name of the three members of the association to recover the price or value of such casing and other property. The three parties were joint owners of the leasehold, and of all the personalty connected therewith, but entered into no express agreement of partnership. The trial court held they were joint tenants and not partners, and the jury found for the plaintiffs for the value of the property in question; from judgment entered thereon defendant brought this appeal.

Whatever their relation might have been as to strangers, as between themselves, Laughner, Wally and Lordo were not partners. A partnership between cotenants will not be implied from the mere fact that they share the expenses and income according to their respective interests. "The law does not imply a partnership between tenants in common because of the fact that they agree to develop or operate the common property, since they may rightfully do this by virtue of their respective titles as part owners": Bank v. Osborne et al., 159 Pa. 10, 16. It has been repeatedly so held in case of the drilling and operation of oil wells by tenants in common: Dunham v. Loverock, 158 Pa. 197; Neill v. Shamburg et al., 158 Pa. 263. The same rule applies to joint owners of vessels: Croasdale v. Von Boyneburgk, 195 Pa. 377; Coursin's App., 79 Pa. 220; Hopkins v. Forsyth, 14 Pa. 34. The law would not imply a partnership from the evidence in the present case.

Under the facts shown, assumpsit was maintainable. A joint tenant may not be liable to his cotenant in such form of action for use and occupation, in the absence of an agreement (Enterprise Oil & Gas Co. v. Transit Co., 172 Pa. 421; Kline v. Jacobs and Wife, 68 Pa. 57); but he is so liable for joint property which he sells or takes for his own use as a purchaser: see Winton Coal Co. v. Pancoast Coal Co., 170 Pa. 437; Browning v. Cover, 108

Pa. 595; Gloninger v. Hazard, 42 Pa. 389; Gillis v. McKinney, 6 W. & S. 78; Steelman v. Doughty (Pa. Supreme Ct.), 5 W. N. C. 166. Considering their method of business and all the circumstances, the conclusion is irresistible that defendant took the property in question as a purchaser from the association, and is liable as such.

We express no opinion on the right of such an association to bring suit against one of its members, as the question is not raised. The right of one cotenant to bring suit against another is undoubted, and even if the insertion of Wally's name as a plaintiff was a misjoinder it was waived by going to trial upon the merits.

The case was for the jury, and as there was no request that the charge of the court be reduced to writing and filed of record we cannot consider the assignments of error relating thereto: Sikorski v. Phila. & R. Ry. Co., 260 Pa. 243, 248; Sgier v. Phila. & R. Ry. Co., 260 Pa. 343. Moreover, there was but a general exception taken to the charge; hence, only basic and fundamental errors can be considered (Sikorski v. Phila. & R. Ry. Co., supra), and none such appear.

The judgment is affirmed.