*237 OPINION.
Seawell:
In this case, the petitioner had no counsel to represent him at the hearing and in consequence thereof the record in his behalf is not as full and satisfactory as it might otherwise have been.
It is, however, very apparent from the evidence that the petitioner was badly deceived and imposed upon by his partner, Weinroth, now deceased.
The evidence is clear and convincing that Weinroth had control of the firm’s books and business; that he misapplied and misappropriated funds and property of the firm and that its books were not correctly kept and that the Commissioner’s determination was based on incorrect data, due to the false and fraudulent manner in which the books of the firm of Weinroth & Schofield were manipulated by Weinroth, and his misappropriation of the funds and property of the firm. The evidence of the petitioner himself was not objected to and the motion to strike out the evidence of his witness, Seiffert, was reserved. In so far as the testimony given by the witness Seif-fert detailed conversations and communications with other persons, the motion to strike is allowed; but in so far as that testimony dealt with the status of the books of the firm of Weinroth & Schofield and detailed facts ascertained in consequence of information received, the motion is overruled and exception is allowed the respondent.
The evidence admitted showing the condition of the partnership books, the false entries therein made and the evident intent of *238 Weinroth to fraudulently withdraw funds of the partnership for his individual use is of such a nature as to overcome the presumption in favor of the correctness of the determination of the Commissioner and we are of the opinion that the petitioner did not at any time receive any income or profit from his connection with the firm of Weinroth & Schofield. Schofield, who impressed us as an honest and truthful man, so testified.
At the hearing the respondent contended that the petitioner’s investment in the jjartnership was $50,000 and that by reason of the misappropriation in 1920 and 1921 of the funds of the partnership by one of the partners there was a loss to the petitioner of his invested capital of $26,233.05 and that the petitioner’s reduced capital on November 10,1923, was accordingly only $23,766.95 and the difference between this amount and the $50,000 received under the settlement of the equity suit is taxable income to the petitioner. The question, therefore, arises: Was this part of the $50,000 received in the equity suit taxable income to the petitioner in the year in which it was received ? Did the misapplications and misappropriations of the assets of the firm by Weinroth to his own use and benefit operate to deprive the partnership of the title to or the possession of the same?
Under the law it would seem each of the partners was entitled to possession of the partnership assets and though one partner did take into his individual possession property of the partnership, with intention to embezzle or misapply the same, such property was nevertheless still in the possession of the partnership, as the possession of either was the possession of the partnership. 47 C. J. 783. Restitution of assets improperly removed may be compelled in a court of equity where the offending partner is possessed of means. Browning v. Cover, 108 Pa. 595. The evidence of the solvency of Weinroth was not contradicted, and we are of the opinion that the assets so embezzled by him were still the property of the partnership, and the recovery by, or the return to, the innocent individual member of his interest in such assets would not constitute taxable income to the said partner.
The instant case is distinguishable from those decided by the Board in which an employee or officer of a corporation has stolen or embezzled money from it and there is at the time an actual loss, though not discovered until later, for the employee or officer of a corporation has not that community of possession of the corporate property that a partner has in the partnership assets. Douglas County Light & Water Co., 14 B. T. A. 1052; Peterson Linotyping Co., 10 B. T. A. 542.
In the instant case, the petitioner, having confidence in the honesty of his partner and being ignorant of the true condition of the *239 firm’s business and books, because of the fraud practiced on him by his partner, did not discover until the latter part of October, 1923, that his partner was appropriating to his own use the funds of the firm.
After such discovery, the petitioner promptly employed an attorney, under whose advice he filed a bill for the dissolution of the partnership and an accounting.
As a result of such suit and under advice of counsel, a compromise settlement was effected, whereby the petitioner accepted from Weinroth a return to him in cash and notes of $50,000, the amount of his initial investment, upon the receipt of which he released to Weinroth the entire assets of the firm and thereupon the firm was dissolved. In the light of the evidence, as we view it, no part of the $50,000 received by petitioner was income or profit.
After his unfortunate connection as a partner of Weinroth, petitioner withdrew from the partnership, after losing $27,000 of his capital investment and the interest on his total investment of $77,000, receiving only a return of the $50,000, his initial investment.
The Commissioner erred in his determination of petitioner’s income-tax liability for 1923. In our opinion, petitioner received no taxable income in 1923.

Judgment will be entered for the petitioner.