## Stitt, Appellant, *v.* Felton.

Argued April 18, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*F. B. Trescher,* of *Kunkle, Walthour & Trescher,* for appellant.

*Glen N. Machesney,* for appellee.

340

The plaintiff originally brought a case in assumpsit against the defendant. An affidavit of defense was filed raising the legal question that the statement of claim included actions of trespass and assumpsit and were improperly joined in one suit. The learned court below sustained defendant's position by granting leave to plaintiff to file a new statement of claim within thirty days. These two actions were thereafter instituted: one in trespass for the conversion of a funeral car and one in assumpsit for the accounting for its use by the defendant prior to the date of the conversion. A motion to quash these appeals was filed on the ground that no final judgment was entered (*Bonner v. Schmeltz,* 242 Pa. 481, 89 A. 579; *Davis v. Hillman,* 281 Pa. 150, 126 A. 246), but it was agreed by the parties at the argument that the order of the court below should be so considered by us.

The plaintiff averred in his statement of claim in the trespass case that on or about October 1, 1930, he jointly with one M. W. Felton, Jr., a son of the defendant, purchased a funeral car and that he then and there became the owner of a one-half interest therein; that the remaining one-half of the purchase money was paid by Felton, Jr., with money advanced him by his father; that in pursuance of an arrangement between father and son, of which plaintiff had no knowledge, title to the car was taken in the name of M. W. Felton, Sr., notwithstanding he knew the plaintiff was the owner of the undivided one-half interest in the car. The original plan between the plaintiff and Felton, Jr., was that the car was to be used in an undertaking business in which the latter and Mrs. Trainer, mother of the plaintiff, were partners and in which plaintiff was employed. The partnership was dissolved and Felton, Sr., without the authority and consent of the plaintiff, unlawfully converted and appropriated the car to his own use and purpose, and thereby became obligated to pay the

plaintiff one-half the reasonable value of the car, alleged to be worth $2,500.

In the suit in assumpsit, the statement contains similar averments with reference to the purchase and use of the car, and, in addition, that between October 1, 1930, when the car was purchased, and July 20, 1932, the date of dissolution of the partnership, the defendant used the car approximately seventy-five times in his business as an undertaker and charged and received $15 each time, and that he has refused to account for or pay the plaintiff one-half the money he thus received, or $562.50.

To each statement an affidavit of defense was filed raising the following questions of law: (1) the statement fails to show a right of action in the plaintiff; (2) it is vague and indefinite and does not set forth a proper cause of action against the defendant. In the action of assumpsit a further reason is advanced that the plaintiff's averments do not entitle him to an accounting by the defendant, under section 11 of the Act of May 14, 1915, P. L. 483 (12 PS §393).

In resolving the questions of law in favor of the defendant, the court took the position that plaintiff, in his own behalf, could not bring separate actions; if any claim existed against the defendant, joint action in the name of Robert Stitt and M. W. Felton, Jr., should have been brought. We find it necessary to disagree with that view.

The court below relied on the principle that separate actions by individual obligees in a joint contract are not maintainable, as no one individual is entitled to a recovery of the entire amount that may be due the parties jointly, citing *Marys v. Anderson*, 24 Pa. 272; *Humbird v. Davis*, 210 Pa. 311, 59 A. 1082; *Meredith v. Punxsutawney Nat. Bank*, 275 Pa. 314, 119 A. 586. In each of those cases, one person claimed he was entitled to recover the whole amount due, although others were owners either jointly or as tenants in common.

In the first case, the court pointed out (p. 276) that if there had been no express agreement (none was alleged in the instant case), "and the action was for use and occupation, perhaps the tenants in common could have severed, in their actions." This plaintiff does not rely on any agreement with defendant, nor does he seek to recover the car, its value, or the entire sum defendant received for the use of the car. His contention is that the defendant, who took title to the car in his name, asserts the exclusive right of possession and ownership. That constitutes a trespass.

We readily concede that one tenant in common cannot maintain an action in the nature of trover against his cotenant to recover the value of his interest in personal property, as, in contemplation of law, possession of the one is possession of both or all *(Heller v. Hufsmith,* 102 Pa. 533, 535) ; nor will an action in the nature of trover lie against a vendee of an interest of one cotenant who does not deny the interest of the other cotenants, as the parties have thus become tenants in common of the property: *Trout v. Kennedy,* 47 Pa. 387; *Browning et al. v. Cover,* 108 Pa. 595. On the other hand, if a stranger converts personal property owned by tenants in common, an action in the nature of trover will lie against the third person by the owners. If less than the whole number of cotenants bring their action against a converter, objection to the failure to join all the parties as cotenants should be made by an affidavit of defense in the nature of a plea in abatement: *Dubois v. Glaub,* 52 Pa. 238, 243. Neither of the affidavits of defense filed is equivalent to such a plea. That matter, however, was not expressly raised in these appeals.

In *Given v. Kelly et al.,* 85 Pa. 309, it was held that where one cotenant destroys a common article, another cotenant may bring an action in the nature of trover to recover the value of his interest in the property destroyed. When one claims the right to take and appropriate to his own use, the other cotenants

need not name him a party plaintiff in an action to recover the value of their interest therein: *Laughner et al. v. Wally,* 269 Pa. 5, 7, 8, 112 A. 105. Mr. Justice WALLING, in the course of the opinion in the latter case, said: "Under the facts shown, assumpsit was maintainable. A joint tenant may not be liable to his cotenant in such form of action for use and occupation, in the absence of an agreement *(Enterprise Oil & Gas Co. v. Transit Co.,* 172 Pa. 421 [33 A. 687]; *Kline v. Jacobs and Wife,* 68 Pa. 57); but he is so liable for joint property which he sells or takes for his own use as a purchaser. (citing cases) ...... The right of one cotenant to bring suit against another is undoubted ......" See, also, *Agnew v. Johnson,* 17 Pa. 373; *Browning et al. v. Cover,* supra; *McNair v. Wilcox,* 121 Pa. 437, 15 A. 575.

In the Agnew case, Mr. Justice LEWIS said (p. 378): "The reason why one joint tenant or tenant in common cannot maintain trover against his companion, is, that both are equally entitled to possession, and the possession of one is the possession of both, and is in accordance with the right of both. But where one *misuses* the joint property by appropriating it to uses for which it was not designed, and refuses to apply it to the purposes for which it was held by both, or if one delivers the property wrongfully to a stranger, for purposes inconsistent with the uses for which it was designed, and such stranger denies title of the other, and claims the exclusive possession and ownership, the reason of the rule ceases, and trover may be maintained."

We are of the opinion that if the plaintiff supports by proof the averments in his statements of claim, he is entitled to go to a jury.

The order of the learned court below is reversed, with direction that the defendant be permitted in each case to file an affidavit of defense upon the merits within fifteen days from the date of receipt of notice of this opinion.