# THE SUPREME COURT

OF

# PENNSYLVANIA.

MIDDLE DISTRICT, MAY TERM, 1847.

HARRISBURG.

---

## RANK v. RANK.

In trover, where the goods had been unconditionally received by the plaintiff, after suit brought, he is entitled to damages for the difference in value at the time of the conversion, and that of the delivery, without laying special damages in the *narr*.

The landlord is entitled to half the straw, where the rent reserved is one-half of the crop.

After verdict and judgment in trover, an exception taken for the first time, that the evidence showed a joint ownership of the chattel, and hence the action was misconceived, is too late, and will not be noticed on writ of error.

IN error from the District Court of Lancaster.

*May* 10. This was an action of trover, in which the questions were, 1. The measure of damages; the goods having been delivered after suit brought. 2. A landlord's right to straw where the tenant held on shares; and 3. An objection to the form of the action, the parties being landlord and tenant on shares, and there having been no severance, which exception was not made in the court below.

The facts, &c., are stated by Mr. J. BURNSIDE.

*Mathiott* and *Amwake*, for plaintiff in error.—The damages were special, and as these are not claimed in the declaration, there could be no recovery; Briszee *v.* Maybee, 21 Wend. 144; Buford *v.* Fannen, 1 Bay. 273; 1 Chit. Pl. 332; Davis *v.* Oswell, 7 Car. & Pay. 804. A joint owner cannot maintain trover against his joint tenant. It is founded on the right of possession; hence

there must be a severance or partition, and then the joint owner-ship ceases; Lowthorp *v.* Smith, 1 Heyw. 255; 1 Chit. 155.

*Long*, contrà.—The landlord's right to the straw is settled by Craig *v.* Dale, 1 Watts & Serg. 509; Iddings *v.* Nagle, 2 Watts & Serg. 22. Trover lies for the detention, and subsequent repossession is immaterial; Murray *v.* Burling, 10 Johns. Rep. 172; or is but a mitigation of damages; 4 Watts, 418; 3 Watts, 334.

*May* 21. BURNSIDE, J.—This action is trover for three hundred and fifty bushels of wheat in the straw, cut and unthrashed, and one hundred bushels of rye in the straw, cut and unthrashed.

The plaintiff below gave evidence that he farmed the plantation of the defendant, who is now the plaintiff in error, on shares or halves; that he cut and hauled the wheat and rye and put it in the defendant's barn; that when he wanted to thrash it the defendant had the barn locked, and refused to permit him. Some of the grain was destroyed by the fowls of the defendant. He had contracted to sell his grain in the beginning of winter at a high price. When he got liberty to thrash it, the market had fallen in price.

1. The first error assigned is to the evidence of Giles Carpenter, (a witness on the part of the plaintiff,) under the pleadings. The *narr.* was a single count in trover. He proved the price of grain in December, and that he had contracted to sell his grain when it was one dollar and fifty cents a bushel. The next month it fell to one dollar and ten cents, and gradually continued to decline. We all think this evidence was pertinent and proper. The proper period for estimating the damages in an action of trover, is the time of the conversion; 3 Campb. 477. The jury may fix the damages at any subsequent period, in their discretion; 2 Leigh, N. P. 1500.

2. The second error assigned is, that the court allowed the plaintiff to give evidence of the value of the straw. The action was for grain in the straw. This evidence did no injury to the defendant. He kept the whole of the straw, and whether he had a right to do so depended on his contract as proved.

3. The third error assigned, is to the answer to the points put by the plaintiff and the defendant.

The counsel for the plaintiff then requested the court to instruct the jury:

"1. If by the contract entered into between the plaintiff and defendant for the farming of the land, upon which the grain mentioned in the declaration filed in this case was raised, it was agreed

that the defendant was to have one-half of the grain raised on the farm, and nothing was said with regard to the straw, then the plaintiff is entitled to recover in this action the value of the straw, detained by the defendant."

To this the court answered:

" The law is so settled; and as the proof in this case is, that the contract between the parties was, that the plaintiff rented the defendant's farm on the shares, for the half; this would accordingly entitle him to one-half of the straw as well as one-half of the grain."

The other points put by the plaintiff embraced no general principle, and were answered in the affirmative.

We see no error in these answers. In the case of a lease in general terms for a certain rent, the tenant is entitled to the straw as well as the grain; so if the rent, or a proportion of it be payable in grain, to be delivered in the bushel; Iddings v. Nagle, 2 Watts & Serg. 25. Straw is a constituent part of the way-going crop; Craig v. Dale, 1 Watts & Serg. 509. Unless, therefore, the return which the landlord is to receive for the land, necessarily includes the straw, or there is an express stipulation that he shall have the straw, or that it shall not be taken and used by the tenant off the farm; the tenant is entitled to it, and may dispose of it as he pleases; Iddings v. Nagle, 2 Watts & Serg. 22.

The following points were put by the defendant:

" 1. This is an action of trover, and the declaration contains no allegation of special damages. The plaintiff, therefore, can claim no other damages than for the value of the goods, or for any injury which is the necessary result of the conversion; and as the goods were delivered to the plaintiff uninjured before the trial, he is entitled to no more than nominal damages, because the plaintiff has taken upon himself to accept the goods without imposing any condition on the defendant.

" 2. The damages sought to be recovered do not arise from actual injury done to the property, or the actual and necessary consequence of the conversion, and ought not to be allowed to go to the jury, for want of an allegation of special damage in the declaration.

" 3. In trover, the value of the property, at the time of the demand with interest, or other compensation, is the measure of damages; consequential damages are not recoverable, and if the property increases in value between the conversion and the satisfaction of the judgment, the defendant is entitled to the benefit of such increase; if it diminishes in value he bears the loss, and as the plaintiff, be-

fore the trial, has unconditionally accepted the goods, he cannot now recover from defendant, in damages, the amount which the property diminished in value from the conversion to the time he accepted it from the defendant."

To these points the court answered:

"1. The ground of the plaintiff's claim is well stated in this point; but though the goods were delivered to the plaintiff before the trial, yet this circumstance being matter of defence and going in mitigation of damages, it is competent for the plaintiff to show under the declaration in trover the actual injury sustained by him from the trover and conversion, and to claim compensation in damages therefor, notwithstanding he imposed no conditions on accepting the goods. It is, however, to be remembered, that the plaintiff contends that the wheat put away by him in the defendant's barn was not all re-delivered; that a part of it was not any longer there when he was admitted to thresh the grain, and that as the defendant has not accounted for it, he must be presumed to have converted it to his own use, and to have used it. As to the fact, the jury will decide, and say whether any, and what quantity of the wheat was not re-delivered; and if the evidence satisfies them that there was any withheld or used by the defendant, they will ascertain the value thereof at the time of the conversion, which will be the measure of damages as a compensation therefor.

"2. The plaintiff founds his claim of damages upon the trover and conversion of a quantity of wheat and wheat straw never re-delivered, and upon loss and injury sustained by him in consequence, and as the necessary result of the defendant's keeping exclusive possession of the wheat in the straw, and preventing him and his agents for a long time from threshing it, during which time the price of wheat fell from $1 50 to $1 05 a bushel. With respect to this branch of his claim, it seems to me that if the jury believe from the testimony that he was actually injured by the defendant's prohibiting him from entering the barn in December to thresh his wheat and prepare it for sale, he is entitled to damages in compensation of such injury, although the declaration contain no allegation of special damages. The re-delivery is the defence, and is evidence for the defendant not in bar of the action but in mitigation of damages, and the plaintiff in reply may surely present to the consideration of the jury the actual injury resulting to him from the trover and conversion, in order to show to what extent the damages should, in justice, be mitigated.

" 3. The measure of damages in trover is correctly stated in the first part of this proposition. The price of the wheat, accordingly, at the time the same was demanded in December, would constitute one criterion for estimating them, and in relation to the property not re-delivered, the value at that time would be the best criterion for determining the proper compensation therefor. As to the property, that is the wheat re-delivered after the suit brought, I think the fall in the price which was given for wheat when the plaintiff first demanded possession for the purpose of having it threshed, and it was denied and refused by the defendant, may well be considered as entitling him to damages, though it is for the jury to determine what amount he is entitled to on that score. The reasons for this opinion are explained in the preceding answer."

There is no error in the answers of the judge to the defendant's points. He has met and answered them with his usual clearness and legal accuracy.

After the paper book was printed, a fourth error was assigned in manuscript, "that as the evidence in the case showed the plaintiff and defendant were joint owners of the property in dispute, the action of trover cannot be sustained." If this point had been made on the trial in the court below, it is possible it might have been fatal to the plaintiff's right to maintain trover; for the law certainly is, that one joint tenant, tenant in common, or coparcener, cannot maintain trover as against his companion, for the possession of one is the possession of the other; 2 Leigh, N. P. 1488. But as this exception to the form of the action is purely technical, and not taken on the trial of the cause, but after a full trial on the merits, we will not permit it to be now taken and avail the defendants here. The action was case, and if made on the trial, it is possible the court would have permitted the plaintiff to withdraw his declaration, and file another on the payment of the costs of the trial, to meet the justice of the cause.

Judgment affirmed.