## Baker, Appellant, *v.* Lewis et al.

*Trespass—Landlord and tenant—Tenant in common.*

The lessee of one tenant in common is lawfully in possession of the whole tract demised and an entry by the other tenant, pending the lease, coupled with an unlawful taking of the lessee's property, becomes a trespass *ab initio.*

*Rent—Farming on shares—Title to crop.*

The lessee of land let for one half the crop has exclusive title to the crop after severance and before division, and an entry and caption of a portion of the crop by one claiming to be a tenant in common with the lessor is a trespass.

*Account—Mesne profits—Use and occupation.*

The remedy of an excluded tenant in common in such a case is an action of account against the co-tenant and perhaps against the latter's lessee. It seems that if he repudiates the lease he may sue the lessee for mesne profits or for use and occupation. But, in either case, the claim could not be enforced by summary caption of the goods.

Argued May 10, 1892. Appeal, No. 261, Jan. T., 1892, by plaintiff, from judgment of C. P. Union Co., March T, 1889, No. 24, for defendant in trespass for breaking plaintiff's close and carrying off his goods. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

At the trial the evidence was to the effect that plaintiff was lessee in possession of a farm under a lease dated April 1, 1887, from one Ziegler and wife with covenant to pay one half the crop as rent. T. S. Lewis, one of the defendants, on Dec. 31, 1888, demanded of plaintiff one fourth of the year's crop which had been stored in the granary but had not been divided or set apart, alleging that he was co-tenant with Ziegler and wife for a moiety of the farm. Plaintiff denied Lewis's right and declared that he held under Ziegler and wife and was accountable to them only; but informed Lewis how many bushels he had raised. Thereupon Lewis, with the other defendants, against the protest of plaintiff, broke open the granary and counted out and took away one fourth of the crop. Ziegler and wife had been in exclusive possession of the farm for twenty-five years under claim of title, and plaintiff had occupied it as their tenant under divers leases for eight years, and accounted to them alone.

Defendants offered in evidence a deed dated April 1, 1856, between the executors of one Mensch and Thomas S. Lewis, and John Lewis, (from the latter of whom Ziegler and wife derived title) for the premises occupied by plaintiff under his lease, for the purpose of showing title in Thomas S. Lewis, one of the defendants, for the undivided half of the premises, and in justification.

Plaintiff objected : (1) That the title to the property cannot be tried in this action, this being an action *de bonis asportatis.* (2) Even if he was the owner, he was not the landlord of this tenant, and it is not offered to be proved that he was the landlord of this tenant. (3) If he was the landlord he has no right to enter upon these premises to take this property. Notice of non-payment of rent gave right of distress, and not of forcible entry and seizure of these goods. This being an action *de bonis asportatis,* the title to land cannot come in question.

By the Court: The writ in this case is in trespass that the defendant with force and arms broke and entered the close of plaintiff and then and there carried away certain grain, the property of plaintiff. The declaration following the writ charges that defendant did enter and break the barn of plaintiff and carried away the property of plaintiff. Plaintiff having averred in his declaration that defendant broke and entered his barn and there carried away his grain, defendant may show that the barn was not the barn of plaintiff, as is alleged in the declaration, but, on the contrary, that he had as much right to enter the barn as plaintiff himself had, because it is proposed to show by the conveyance offered in evidence that Thomas S. Lewis, one of the defendants, was an owner in common of the land with the party under whom plaintiff claims. This being so, as the action now stands, we think that it is proper evidence to give to the jury to enable them to determine whether the entry of defendant was unlawful or not, and for these reasons we overrule the objections and admit the evidence. Exception, and bill sealed. [1]

Plaintiff offered writ of ejectment dated Nov. 20, 1888, by Thomas Lewis, for the purpose of showing that Thomas S. Lewis. has confessed himself out of possession prior to the time that he went on the premises and took these goods by force.

Defendant objected: (1) Because it is not true that this ejectment was brought before the facts in this controversy occurred. No. 66, Dec. T., 1888. (2) Because defendant was entitled to the possession of the undivided half of the estate under the evidence and this action of ejectment cannot in any wise be used as evidence to show that he was out of possession of it or of his right to enter and take possession.

By the Court: The first objection is overruled, because, on an inspection of the writ in the action of ejectment offered, it discloses that it was brought prior to Dec. 31, 1888, or the time of the commission of the alleged trespass, but we reject the evidence for the reasons given in the second objection. The mere fact that Lewis's co-tenant brought ejectment does not establish the evidence that he had no right to enter. On the contrary, it is an assertion of his right to do so, and we therefore reject the evidence. Exception and bill sealed. [2]

It is stated that the record in the ejectment showed a recovery by plaintiff, but the record is not given.

Plaintiff's point was as follows:

"Notwithstanding the fact that Thomas S. Lewis was the co-tenant of this land, or tenant in common, when he made a demand for his share, as claimed, of one fourth of the grain, and the tenant made reply, he was there under a lease from the Zieglers, and would have to account to them; Thos. S. Lewis had no right to get into the barn, the premises being in the possession of the tenant, and break open the granary, and take away the grain by force. *Answer:* The point is refused, for there is no evidence that there was any disturbance of the public peace or any violence used, further than the breaking of the lock and taking away the grain." [3]

The court instructed the jury to find for defendants. [4]

Verdict and judgment for defendants, whereupon plaintiff appealed.

*Errors assigned* were (1–4) rulings and instructions, quoting them as above.

*J. Merrill Linn, S. H. Orwig* with him, for appellant, cited 1 Tidd, Pr. 404; 1 Chit. Pl. 252; 11 A. & E. Ency. L., pp. 1098, 1102, 1103; Irvine v. Hanlin, 10 S. & R. 219; Luck v. Luck, 113 Pa. 256; Shepard v. Richard, 2 Gray, 424.

*B. F. Junkin, E. M. Beale* with him, for appellees.—Lewis's ownership is shown by the ejectment proceedings. It is immaterial that he admitted himself out of possession thereby, because, having the right to enter and take his own, he could do so when he pleased, not breaching the peace.

OPINION BY MR. JUSTICE MITCHELL, July 13, 1892.

The defendant may have a good title to one half of the land as tenant in common, but a more disorderly method of asserting it rarely comes before a court. He had a paper title by deed made in 1856, the trespass complained of took place in 1888, and there was no pretence that he had been in actual possession of the land between those dates. On the contrary the legal possession was in the Zieglers under claim of exclusive title, and the actual occupation was by plaintiff as their tenant.

Even under defendant's claim of title, plaintiff was in lawful occupation of the whole of the land, for his lessors' possession was *per mie et per tout*, though they and perhaps he might be liable to an account for plaintiff's share of the profits. Plaintiff's occupation of the land being lawful, his title to the crops which had been severed and become personalty, was clear and exclusive. If defendant claimed adversely as joint owner of the land, then there was no contract with him as to rent and his only right was to mesne profits, or for use and occupation, in either case an unliquidated claim that could not be enforced by summary caption of the goods. If on the other hand he claimed as landlord in affirmance of the lease from his cotenants, then he clearly had no title to the grain, for it had not yet been divided or set apart: Burns v. Cooper, 31 Pa. 426; Ream v. Harnish, 45 Pa. 376; Long v. Seavers, 103 Pa. 517.

The question of defendant's right of entry on the land does not affect the result. The statement is as much a narr in trespass *de bonis asportatis* as in *quare clausum fregit*, and the gravamen of the action is the carrying away of the grain. As that was without legal justification the defendants became trespassers *ab initio*, and the jury should have been directed to find for plaintiff.

Judgment reversed and venire de novo awarded.