# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Vivian *v.* Challenger, Appellant.

*Appeals—Assignments of error—Rulings on evidence.*

1. Assignments of error referring to more than one bill of exceptions, and embracing the testimony of several witnesses violate rule XIV of the Superior Court, and will not be considered.

*Trespass—Punitive damages—Wrongful levy and sale—Judgment—Collateral attack on judgment.*

2. Where a person enters up a judgment on a judgment note against one of three joint owners of certain personal property, and issues execution against the entire property, buys it in at the sale, and converts it to his own use, one of the joint owners in an action of trespass against the plaintiff in the execution will not be permitted to show as a basis for punitive damages that the note upon which the judgment was entered was a forgery.

3. In such a case the joint owner may maintain the action of trespass against the plaintiff in the execution, and is not under the circumstances subject to the rule that a tenant in common with another of personal property cannot maintain trespass or trover against his cotenant in possession.

*Practice, C. P.—Trial—Damages—Statement of court as to amount of damages by plaintiff.*

4. It is reversible error for a trial judge to mention in the presence of the jury the amount of damages which the plaintiff claims in his statement.

Argued March 7, 1910. Appeal, No. 12, March T., 1910, by defendant, from judgment of C. P. Luzerne Co., Feb. T., 1907, No. 508, on verdict for plaintiff in case of Henry Vivian, by his next friend Eliza Thomas, v. William Challenger. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Trespass for wrongful conversion of personal property. Before FERRIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $700 punitive damages and $150 for value of personal property converted.

*Errors assigned* were (1–9) various rulings on evidence and instructions sufficiently set forth in the opinion of the Superior Court.

*B. R. Jones*, with him *Charles A. Shea*, for appellant.— There is no right in one joint owner in personal property to recover damages in trespass against another joint owner in the same goods, by showing that defendant rested his title as joint owner on a sheriff's sale, founded upon a forged note, the said sale never having been set aside at the instance of the execution defendant, or the title to the goods established in any direct proceedings: Lewis v. Smith, 2 S. & R. 142; Thompson's App., 57 Pa. 175; Crawford v. McDonald, 33 S. W. Repr. 325; Ward v. Taylor, 1 Pa. 238; Stewart v. Stocker, 13 S. & R. 199; Hicks v. Perry, 7 Mo. 346; Rowland's Est., 4 Clark, 199; Humphreys v. Rawn, 8 Watts, 78; Billings v. Russell, 23 Pa. 189; Shaw v. Levy, 17 S. & R. 99; Shryock v. Buckman, 121 Pa. 248; Evans v. Maury, 112 Pa. 300.

A joint owner has no right to claim punitive damages for taking the joint property without the joinder of his cotenants, as plaintiffs: Mersereau v. Norton, 15 Johns. 179; Mobley v. Bruner, 59 Pa. 481; Stevens v. Brown, 4

Atl. Repr. 384; McNaughton's App., 101 Pa. 550; Rowland's Est., 7 Pa. Law Journal, 312; Agnew v. Johnson, 17 Pa. 373.

The court erred in stating to the jury that they could award damages for the amount which plaintiff claimed in his pleadings: Bryan v. Acee, 27 Ga. 87; Reese v. Hershey, 163 Pa. 253; Hollinger v. York Rys. Co., 225 Pa. 419.

*Thomas D. Shea*, for appellee.—The appellee was a tenant in common with his mother and brother, in possession of the household goods and the home based upon them, but he never became a tenant in common with Challenger, the appellant, since the latter had only the interest and title of a forger: Mobley v. Bruner, 59 Pa. 481; McCreary v. Ross, 7 Watts, 483; Sommer v. Wilt, 4 S. & R. 19; McBride v. McLaughlin, 5 Watts, 375.

If any error was committed by the court in stating the amount of the plaintiff's claim for damages, it was the duty of the appellant to take exception at that time and bring it immediately to the attention of the court: Life & Trust Co. v. Philadelphia, 202 Pa. 78; Kuntz v. R. R. Co., 206 Pa. 162; Carpenter v. Lancaster, 212 Pa. 581; MacKellar v. Seeds, 10 Pa. Superior Ct. 167; Com. v. Price, 15 Pa. Superior Ct. 342; Cox v. Wilson, 25 Pa. Superior Ct. 635; Ross Twp. Road, 5 Pa. Superior Ct. 85.

Opinion by Porter, J., December 12, 1910:

The defendant caused a judgment to be entered in the court of common pleas of Luzerne county against Eliza Thomas, under a warrant of attorney contained in a note purporting to have been signed by her. He issued an execution upon this judgment and directed the sheriff to levy upon certain personal property and that property was sold by the sheriff, bought in by the plaintiff in the writ, this defendant, and was subsequently converted by him to his own uses. This action of trespass was subsequently brought by Eliza Thomas on behalf of Henry Vivian, her minor son by a former marriage, alleging that

the said Henry Vivian had been the owner of one-third of the said personal property so sold under an execution upon a judgment to which he was not a party. The evidence produced at the trial warranted a finding that Eliza Thomas, the defendant in the execution under which the plaintiff caused the property to be sold, owned only an undivided one-third interest in that property, that Henry Vivian owned an undivided one-third interest therein, and that the other third was owned by the brother of the latter. The jury found the following verdict: "We, the jury, find for the plaintiff Henry Vivian and settle on the amount of $700.00 punitive damages, and $150.00 as the value of the furniture, household goods and chattels seized and sold by the defendant while the property of the plaintiff. The defendant shall pay to the plaintiff the sum of $850.00;" and upon this verdict judgment was entered. The defendant appeals.

The first, second and third specifications of error each, respectively, refer to more than one bill of exceptions and embrace the testimony of several witnesses, thus violating rule XIV of this court, and as a consequence must be considered as waived. The enforcement of the rule of this court does not in this instance work any hardship to the appellant, for the specifications of error above enumerated refer only to the introduction of evidence tending to establish facts, the propriety of submitting which to the jury is raised by the specifications of error founded upon the charge of the court. The court having, under exception by the defendant, permitted the plaintiff to introduce evidence tending to establish that the note upon which the judgment against Eliza Thomas had been entered was a forgery, the defendant was practically compelled to produce evidence showing that her signature was genuine, and did so, and the court then submitted to the jury the question of the validity of the judgment upon which the execution against Eliza Thomas had issued. The learned judge, in the instructions which are the subject of the fourth, fifth and sixth specifications

of error charged the jury substantially as follows: "If the jury believe from the evidence that the judgment note in question was not signed by Mrs. Daniel Thomas, and that Challenger knew this to be true, then the plaintiff would be entitled not only to compensatory damages, but to punitive damages;" and "If the jury find that the plaintiff is entitled to punitive damages, they may award a sum equal to the total amount of the plaintiff's claim, to wit; five thousand dollars." The plaintiff had in writing requested these specific instructions, and got what he prayed for. It is true the court added the qualification that the jury were not bound by the plaintiff's claim, if they found punitive damages, but that they could not exceed it, and then added, "You may award the sum claimed or you may award any less amount that you think would be proper under the evidence." That part of the general charge which is the subject of the fourth specification of error embodied instructions similar to those above quoted. The defendant promptly and in proper form took an exception to the charge and to the answers to the points and a bill of exceptions was thereupon sealed by the court, and it is idle to argue that the questions involved were not properly raised in the court below. In determining whether there was error in these instructions of the court, two questions must be considered: (1) Did this plaintiff have standing to question the validity of the judgment entered by the defendant against Eliza Thomas, in the court of common pleas, and (2) was it proper for the court to say to the jury that, if they found Mrs. Thomas did not sign the note, they might find punitive damages, "not exceeding in the aggregate the sum claimed in the statement of the plaintiff's cause of action, which is five thousand dollars"?

The property right of the plaintiff against which the trespass, if any, was committed, was his undivided one-third interest in personal property, the other two-thirds of which were owned, respectively, by his brother and Eliza Thomas. The ownership of these parties, respec-

tively, of the property was as tenants in common. They had several and distinct titles and estates, independent of each other, and there was no privity of estate between them: Mobley v. Bruner, 59 Pa. 481. This plaintiff had not derived title under Eliza Thomas, he did not in any manner represent her estate, and he was not her creditor. The appellee seeks to invoke the principle that the judgments and decrees of courts, procured by actual fraud, are null to the extent of the fraud, as against the party defrauded, and cites Jackson v. Summerville, 13 Pa. 359; Kurtz v. Railroad Company, 187 Pa. 59, and kindred cases. This plaintiff is not, however, within that principle, for while a judgment may be void as against the party defrauded it is valid against all the world beside. A judgment which is void as to creditors, because of fraud and collusion between the plaintiff and defendant therein, is valid as between the parties to it. A fraudulent judgment, like a fraudulent deed, is good against all but the interests intended to be defrauded. There was in this case no suggestion that there had been any collusion between Challenger and Eliza Thomas, for the contention of the plaintiff was that Eliza Thomas had been defrauded by the entry of the judgment. Had the plaintiff shown that he took title under Eliza Thomas, or that he represented her interest, he might have been in a different position. The judgment was a matter which did not concern this plaintiff, but another person; if fraudulent, it was so as to Eliza Thomas alone, and no other person had standing to challenge it in a collateral proceeding: Stewart v. Stocker, 13 S. & R. 199; Billings v. Russell, 23 Pa. 189; Thompson's Appeal, 57 Pa. 175; Shryock v. Buckman, 121 Pa. 248; Ogle v. Baker, 137 Pa. 378. The jury in this case ought not to have been permitted to pass upon the question of the validity of the judgment against Eliza Thomas or the regularity of the execution which issued upon that judgment.

The averment of the amount of damages in the statement of the plaintiff's claim is not evidence of the amount

due the plaintiff as compensation for an injury, nor can it in any sense be made available as a suggestion of the amount which a defendant should be called upon to pay as punitive damages. When, however, the amount of the damages alleged in plaintiff's statement is read to the jury by the court it is likely to have weight with them, and be considered as evidence, or certainly as the suggestion of a standard for estimating the damages which they may properly award. "That the admonitions by the court that such is not the purpose in stating the amount claimed will not be sufficient to eliminate it entirely from the minds of the jurors. It will remain with them and, consciously or unconsciously, it will influence them in arriving at a conclusion. At all events, as must be conceded, it is entirely improper for the jury to consider the amount of damages claimed in the statement, and this being true, the court should not bring it to the attention of the jury:" Hollinger v. York Railways Company, 225 Pa. 419; Reese v. Hershey, 163 Pa. 253; Quinn v. Philadelphia Rapid Transit Co., 224 Pa. 162. We must, upon both the grounds above stated, hold the instructions of the court below to be erroneous, and the fourth, fifth and sixth specifications of error are sustained.

The ninth specification of error refers to the refusal by the court below of a point submitted by the defendant requesting binding instructions in his favor. The argument submitted upon this specification of error is attempted to be founded upon the principle that a tenant in common with another of personal property cannot maintain trespass or trover against his cotenant in possession, the tenancy in common not being severed or destroyed by the possession of such cotenant. The evidence in this case presents no ground for the application of this principle. Challenger having issued the execution upon his judgment against Eliza Thomas caused the sheriff to levy upon and sell the entire property, not the undivided one-third thereof nor the interest of Eliza Thomas therein, but he sold the property as if the defendant, Eliza Thomas,

8    VIVIAN *v.* CHALLENGER, Appellant.

Opinion of the Court—Concurring Opinion.   [45 Pa. Superior Ct.

had been the sole owner, and having purchased it he applied it to his own exclusive use. He asserted an exclusive possession and ownership. This plaintiff was not a party to the execution under which the property had been sold and had no notice of the sale and the sale did not divest his title. He was the owner of an undivided interest in the property. The defendant had acquired possession, of the property, claimed the exclusive ownership of it and had transferred what had formerly been the joint property to other uses than those for which it had been held by the joint owners. The evidence was sufficient to warrant a finding of these facts, and if that evidence was true, an action of trover would lie for the injury which the plaintiff had sustained: Agnew v. Johnson, 17 Pa. 373. Under our present practice the action of trespass is the form prescribed in all cases in which the action would formerly have been in trover, trespass on the case or trespass vi et armis; and in determining the real character of the action we must examine the statement of the plaintiff. The form of this action is trespass, and the facts set forth in the statement would formerly have sustained an action of trespass on the case, which action the evidence produced would have been sufficient to sustain: Rank v. Rank, 5 Pa. 211. The ninth specification of error is dismissed.

The judgment is reversed with a venire facias de novo.

HEAD, J., concurring:

I fully concur in the judgment of the court, but I cannot accept as sound that portion of the majority opinion which convicts the learned trial judge of error in permitting the plaintiff to prove that the defendant had forged the note which became the effective agency through which he wrought the injury to the plaintiff's property. The opinion concedes that the record discloses evidence which, when accepted by the jury, would warrant a verdict for compensatory damages. In such a case it is the right of the plaintiff to prove, if he can, that the act of

trespass was not the result of a mistake or committed in the honest belief that it was the exercise of a right, but was willful, wanton and intentional, thus laying the foundation for punitive damages.

It is true it was not the name of this plaintiff that was attached to the note and he was not a party to the judgment afterwards entered thereon. No one can deny the soundness of the well established rule that the validity of a judgment cannot be collaterally attacked by one who is a stranger to it. But it seems plain to me that the proof offered in this case constituted no attack on the validity of the judgment within the meaning of that rule. The record here made would have no relevancy in any proceeding between the parties to the judgment. Its validity or invalidity, inter partes, would be in nowise affected by what was done here. That would have to be determined on its own merits as if this proceeding had never been instituted.

I cannot agree therefore that any proper application of the rule referred to should result in denying to this plaintiff the right to prove, if he can, not only that the defendant did an injury to him or his property; but also that he did it willfully and designedly by forging a note which enabled him to abuse the legal process of the courts to authorize him, apparently under that sanction, to work a wrong he could not otherwise have accomplished.

RICE, P. J., concurs in this opinion.