## Certificates of Co-owners of Automobiles.

*Automobiles—Co-owners—Death of one owner—Issue of new certificate.*

Where a certificate of ownership of an automobile has been issued to two persons who were not partners or man and wife, and one of the owners dies, a new certificate should be issued on the surrender of the old one to the survivor and to the person or persons who are shown to the department to be the person or persons entitled, under the intestate laws or under the will of the deceased, to his interest in the automobile.

Department of Justice. Opinion to Mr. Benjamin G. Eynon, Registrar of Motor Vehicles, Department of Highways.

CAMPBELL, 1st Dep. Att'y-Gen., March 27, 1924.—In your recent letter to this department you inquire what procedure should be followed by you in respect to the issuance of a new certificate of title to a motor-vehicle owned jointly by two persons, to whom, as co-owners, the original certificate of title therefor was issued, in the case of the death of one of such co-owners.

It is to be assumed, unless the contrary is made to appear, that these co-owners are not partners and that the motor-vehicle in question is not partnership property.

"A partnership is an association of two or more persons to carry on, as co-owners, a business for profit:" Section 6, Act of March 26, 1915, P. L. 18.

"In determining whether a partnership exists, these rules shall apply:

.  .  .  .  .  .  .  .  .  .  .

"(2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.

"(3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived:" Section 7, Act of March 26, 1915, P. L. 18.

The motor-vehicle in question is, therefore, subject to the rules applicable to ordinary personal property owned jointly by two or more persons.

The interest of one of several owners of personal property is an undivided interest therein. The ownership of such parties, respectively, to such property is as tenants in common. They have several and distinct titles and estates: Vivian *v.* Challenger, 45 Pa. Superior Ct. 1, 5.

Joint owners of a chattel have each an equal right to the possession of it, and neither, when in possession, can be ousted by the other. The vendee of a joint owner takes only his vendor's interest and holds in the same way. Neither can object to a sale by the other of his interest, nor are the rights of one joint owner impaired if the other assumes to sell the whole.

If one such owner sells the whole chattel, the other owner may elect to ratify the sale or to continue to hold his interest therein: Browning *v.* Cover, 108 Pa. 595 (syllabus).

From statements contained in your letter, I take it that the surviving owner in this case assumes that title to the motor-vehicle vests in him by right of survivorship, and that he is entitled to have a new certificate of title issued to him upon assignment by him of the original certificate.

Certificates of Co-owners of Automobiles.

Survivorship in joint tenancy was abolished by the Act of March 31, 1812, 5 Sm. Laws, 395. This act embraces personal property: Yard's Appeal, 86 Pa. 125. It does not, however, apply to an estate held jointly by a husband and wife, the right of survivorship attaching to personal property when held by them as co-owners: Gillan's Executors v. Dixon, 65 Pa. 395; Bramberry's Estate, 156 Pa. 628. This rule is not affected by a divorce: Alles v. Lyon, 216 Pa. 604.

If the parties to whom this original certificate of title was issued were husband and wife, then, on the death of one, title to the whole undivided interest in the motor-vehicle vested in the survivor. In that case, proof should be submitted to your department of the fact that these co-owners were husband and wife and of the death of one of them. This being done, you should honor the assignment of the original certificate of title when executed by such surviving spouse and issue a new certificate to the assignee so named, under the provisions of section 3 of the Act of May 24, 1923, P. L. 425.

If the parties to whom this original certificate was issued were not husband and wife, and were not partners as above defined, this interest of the deceased co-owner is vested in his devisee, legal representative or heirs, as the case may be, by operation of law, and you are to be governed in the issuance of a new certificate of title by section 8 of the aforesaid Act of May 24, 1923, which section provides as follows: "In case of the transfer of ownership or possession of a motor-vehicle, by operation of law, as upon inheritance, devise or bequest, order in bankruptcy, insolvency, replevin, or execution sale, . . . it shall thereupon become the duty of the person from whose possession such motor-vehicle was taken . . . immediately to surrender the certificate of title for such motor-vehicle to the person to whom possession of such motor-vehicle has so passed. The commissioner, upon surrender of prior certificate of title, or, when that is not possible, upon presentation of satisfactory proof to the commissioner of ownership and right of possession to such motor-vehicle, and upon payment of the fee of $2 and presentation of application for certificate of title, shall issue to the applicant to whom possession of such motor-vehicle has so passed a certificate of title thereto. . . ."

In such case, proof should be submitted to you of the death of the co-owner, and whether or not he died testate or intestate. If he died testate, a certified copy of his will should be submitted and the devisee of said motor-vehicle, or the executor under the will, or the administrator c. t. a., or d. b. n. c. t. a., or d. b. n., as the case may be, should present the original certificate duly assigned. If he died intestate, his administrator should present said original certificate of title duly assigned, together with a short form certificate of his appointment by the Register of Wills. If administration has not been taken out on the estate, said original certificate of title, duly assigned by all of the heirs in whom title to said motor-vehicle has vested, together with proof that such assignors are all of the heirs of said decedent, should be presented.

In the case which you cite, the motor-vehicle, after the death of one of the co-owners, being owned jointly by the survivor and the successor in title to the deceased co-owner, as above indicated, the new certificate of title must be issued to such owners jointly, there being no provision for the issuance of a certificate of title for a fractional interest in a motor-vehicle. Such being the case, the original certificate of title, when surrendered to you, should be duly assigned by the survivor of the original co-owners and the successor in title of the deceased original co-owner, as above outlined. The assignment should indicate to whom the new certificate is to issue, and should be issued by you accordingly.        From C. P. Addams, Harrisburg, Pa.