McClarigan *v.* Matlack, Appellant.

Argued November 20, 1929.

Before

484

PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*George B. Johnson,* for appellant.—The right of a tenant to way-going crops is subject to the landlord's lien for rent: Moss' Appeal, 35 Pa. 162; Lewis' Appeal, 66 Pa. 312.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., February 28, 1930:

Plaintiff was tenant of defendant's farm for the year beginning March 1, 1927. The evidence on both sides establishes this. If he entered into possession before the terms of the lease had been finally settled, he may have been, at the outset, a trespasser, but he did not become a cropper, as contended by defendant's counsel at the argument. She subsequently recognized his tenancy by issuing a distress warrant for rent against him. A cropper is one hired to work land, to be compensated by a share of the produce. He has no interest in the land but receives his share, after division by the owner, as the price of his labor. The possession remains in the owner of the land, and hence the remedy by distress is not applicable against a cropper: Steel v. Frick, 56 Pa. 172, 175; Fry v. Jones, 2 Rawle 11; Adams v. McKesson, 53 Pa. 81, 82. A tenant on the shares is wholly different. He is in possession of the land, and the landlord may distrain for his rent.

The quotation from Jackson & Gross on Landlord and Tenant, pp. 27, 28, as to a 'leasing on the shares,' contained in the opinion in Wanamaker v. Buchanan, 33 Pa. Superior Ct. 138, 141, is not sustained by the decisions cited in its support. It may state the law correctly as respects some other jurisdictions, but it is not the law in Pennsylvania. A tenant on the shares in Pennsylvania has legal title to the entire crop, as well as the right of possession, until division: Baker v. Lewis, 150 Pa. 251; Burns v. Cooper, 31 Pa. 426; Ream v. Harnish, 45 Pa. 376; Rinehart v. Olwine, 5 W. & S. 157, 163; Long v. Seavers, 103 Pa. 517; and therefore it makes little real difference whether the agreement was as contended by plaintiff that he was to harvest and sell the crop of wheat and pay defendant half the proceeds; or, as asserted by defendant, that he was to give her half the crops. In either event the title to and possession of the whole crop was rightfully in the plaintiff until it was sold or divided, as might be called for by the agreement. It follows that when the defendant refused to permit the plaintiff's representative to enter on the premises to harvest the way-going crop of winter wheat when ready to cut, she was guilty of an unlawful conversion of the crop, for which she is responsible to the plaintiff in damages: Forsythe v. Price, 8 Watts 282; Clark v. Harvey, 54 Pa. 142.

None of the assignments of error gives us any concern except the court's instructions as to the measure of damages. The plaintiff himself testified in chief that he had been committed to the penitentiary, after the expiration of his year's lease, for certain crimes committed off the premises. It made no difference in this issue whether he had pleaded guilty or had been convicted after trial. The conversation between plaintiff's attorney and defendant's attorney as to the harvesting of the wheat was relevant and admissible, whether defendant was present or not. Her attorney

was acting for her in the matter. The testimony of the plaintiff was in strict accord with the lease prepared by defendant's attorney and signed by her, although not signed by the plaintiff. As before pointed out, so far as the plaintiff's title and right of possession to the wheat crop was concerned it made no difference whether he was to harvest the crop and sell it and pay defendant half the proceeds, or was to harvest the crop and divide it, giving her half. She did not permit him to do either. What the crop of wheat, harvested a month or more late, sold for at constable's sale on the distress warrant the day before the trial, was not relevant. The inquiry was as to its value at the time of its conversion by the defendant, when ready to harvest.

The learned court below charged the jury that if the terms of the lease were as claimed by the plaintiff he was entitled to a verdict for the value of the entire crop of wheat growing in the ground, ready to be harvested, at the time when she denied him the right to harvest it, took possession of it herself and converted it to her use. That is unquestionably the measure of damages for an unlawful conversion by a third party, for in such case the verdict includes the landlord's interest in the crop and out of it the tenant must account to the landlord for half the crop. All of the cases cited by the court below, except one, (Rank v. Rank, 5 Pa. 211), were actions of trover and conversion by a tenant against a third party. In Rank v. Rank it is not definitely stated whether the "350 bushels of wheat in the straw, cut and unthrashed, and 100 bushels of rye in the straw, cut and unthrashed" in suit constituted the whole or only the tenant's half of the crop. It would seem somewhat anomalous to render a verdict against the landlord for the full value of the entire wheat crop, when immediately after its receipt the tenant is bound, in good conscience, to pay back to the landlord half of the sum so received, as

representing the latter's interest in the crop. In the absence of wanton injury entitling him to punitive damages, which was not here present, the tenant is only entitled to compensation for his loss,—to be made whole for the injury caused him by the landlord's act, not to reap an undue advantage because of it. Under the terms of the lease as determined by the jury, the plaintiff was to harvest the crop of wheat at their joint expense, sell the grain and pay the defendant half the net proceeds of sale. Had the plaintiff not interfered with him in the harvesting of the wheat crop, he would have had out of the crop, after doing what in good conscience he was bound to do, for his own use and benefit, one half of the net proceeds after deducting the expense of harvesting and threshing the crop. That represents his actual monetary loss from her interference and is, as nearly as can be arrived at, what, in good conscience, he should recover from the defendant as the measure of his injury. This was the measure of damages claimed and sued for in Shaw v. Bowman, 91 Pa. 414, 415, and Snyder v. Stehman, 10 Pa. Superior Ct. 639, 642. The court properly ruled that an action of trespass was not the occasion to settle the accounts between the parties. Whether on other items growing out of the tenancy the plaintiff is indebted to the defendant or the defendant to the plaintiff, is not to be determined in this issue. That can be done in another proceeding. But his recovery in this case, measured by the actual injury suffered, should have been one-half, instead of the whole, of the value of the crop, when he was refused the right to harvest it, at which time it was ripe and ready to harvest. This comes as nearly as possible to the amount he would have had for his own use and benefit had he been allowed to harvest the crop.

The first and eighth assignments of error are sustained. The judgment is reversed and a new trial awarded.